UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TUYEN DOAN,

      Petitioner,

          v.                          CAUSE NO. 3:26-CV-637-CCB-SJF

BRIAN ENGLISH,

      Respondent.

## ORDER

Immigration detainee Tuyen Doan, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is confined by United States Immigration and Customs Enforcement (ICE) in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Doan's petition does not provide enough information for the court to order an answer from the respondent. According to the petition, he has been detained by Immigration and Customs Enforcement (ICE) since October 20, 2025, and he challenges his prolonged detention. However, he does not provide the status of his immigration proceedings. Different standards apply to detention while removal proceedings are ongoing, *see* 8 U.S.C. §§ 1225, 1226, than apply to detention after a noncitizen has been ordered removed, *see* 8 U.S.C. § 1231(a). Without more information about whether (and

when) Doan has been ordered removed or whether he is still in the middle of removal proceedings, this case cannot proceed.

The petitioner bears the burden to show that his detention is unlawful. *See* 28 U.S.C. § 2241; *Zadvydas v. Davis*, 533 U.S. 678, 700 (2001); *see also Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009). Doan does not explain the basis for his detention or give a reason why he believes he should not be detained. However, because he is proceeding without counsel, the court must give his petition liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, he will be given the opportunity to file an amended petition before the court denies the petition.

For these reasons, the court **GRANTS** Tuyen Doan until **July 29, 2026**, to file an amended petition addressing the issues raised in this order, and **CAUTIONS** him if he does not respond by the deadline, the petition will be denied without further notice.

SO ORDERED on June 29, 2026.

                                        /s/ *Cristal C. Brisco*
                                        CRISTAL C. BRISCO, JUDGE
                                        UNITED STATES DISTRICT COURT